NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTEEN MOORE,<br><br>          Plaintiff-Appellant,<br><br>   v.<br><br>USC UNIVERSITY HOSPITAL INC.,<br>CONFLUENT SURGICAL, INC., and<br>DR. MICHAEL Y. WANG,<br><br>          Defendants-Appellees. | No.   19-55303<br><br>D.C. No. 2:07-cv-07850-PA-E<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California, Los Angeles
Percy Anderson, District Judge, Presiding

Submitted March 30, 2020**
Pasadena, California

Before:  BEA and BADE, Circuit Judges, and McCALLA,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

Plaintiff-Appellant Marteen Moore appeals the district court's February 12, 2019 order denying her motion to enforce a subpoena issued in a closed case that was dismissed on summary judgment in 2009. In 2011, this court affirmed the district court's summary judgment order. On September 16, 2017, Moore served a third-party subpoena from the Central District of California, under the closed case on Cooley LLP, a law firm, and one of its partners. Cooley LLP represented a party in a Delaware patent case. The subpoena sought documents filed under seal in that case.

We review discovery rulings for abuse of discretion. *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1070 (9th Cir. 2016); *see also United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (providing the abuse-of-discretion standard).

We affirm the district court's decision for three reasons. First, under Federal Rule of Civil Procedure 45, subpoenas may be issued from "the court where the action is pending." Because Moore's case is closed and no longer pending, the district court could not issue an enforceable subpoena. *See* Fed. R. Civ. P. 45(a)(2). Second, Moore seeks documents from a person and entity that are not part of the California action, and which received the documents subject to a protective order of the Delaware district court. A district court may not unilaterally alter a protective order issued in a different district court. *Foltz v. State*

*Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) (explaining the procedure for seeking alteration of a protective order entered in another court). Third, even if the district court had authority to compel responses to Moore's subpoena, the court did not abuse its discretion in finding that Moore failed to demonstrate a credible claim of fraud upon the court. *See United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167–68 (9th Cir. 2017).[1]

**AFFIRMED.**

---

[1] Moore contends the district court denied her due process by submitting her motion to enforce a subpoena on the papers. The Federal Rules of Civil Procedure, however, expressly permit district courts to determine motions without oral argument. *See* Fed. R. Civ. P. 78(b). Moore fails to explain how the district court's submission of her motion on the papers in compliance with Rule 78(b) deprived her of due process.